SAUNDERS, Judge,
dissenting.
The claimant is 73 years old, has a marginal education and suffered a torn rotator cuff with arthritic complication. Under these conditions, heart attack or no heart attack, it is very questionable whether the employee could return to any type of work at any time. This court, in Hebert v. Grey Wolf Drilling Co., Inc., 611 So.2d 674, 677 (La.App. 3d Cir.1992), observed that where an employee is not employed or self-employed or is earning less than he is able to earn at the time of trial, then the burden is on the employer to show that the employee is physically capable of performing employment which is offered or available to him. If this showing is not made by the employer, the employee is entitled to supplemental earnings benefits.
In the present case, the employer and its insurer offered no evidence to show that Mr. Miller was capable of performing any employment which was offered or available to him. The employee, on the other hand, provided evidence at trial which established that there was, in fact, no employment available to him. I feel that the Hebert case is controlling and would award supplemental earnings benefits to the claimant.
The employer paid medical expenses but at no time paid any worker’s compensation benefits to the employee. The employee suffered a torn rotator cuff which, under even the best of circumstances, is disabling for a significant period of time. To refuse to initiate any worker’s compensation to an employee who has suffered a torn rotator cuff at work is arbitrary and unreasonable and I feel that penalties attorney fees are warranted.
For the above reasons, I respectfully dissent.